IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-72,577-01






EX PARTE PAUL REISCH, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 05-09-00114-CRK IN THE 81ST DISTRICT COURT


FROM KARNES COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of one count of
harassment by persons in certain correctional facilities and one count of assault of a public servant
and sentenced to five years' imprisonment on each, to run concurrent with a prior Karnes County
conviction that was ordered to run consecutive to a prior sentence from Tom Green County. He did
not appeal his conviction. 

 Applicant contends that his plea was involuntary because, inter alia, counsel advised him of
the incorrect punishment range, and because the Texas Department of Criminal Justice (TDCJ) is
calculating his sentences contrary to the plea agreement and the judgments. Applicant has alleged
facts that, if true, might entitle him to relief. Strickland v. Washington, 466 U.S. 608 (1984); Ex
parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000); Ex parte Austin, 746 S.W.2d 226, 227
(Tex. Crim. App. 1988). In these circumstances, additional facts are needed. As we held in Ex parte
Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1997), the trial court is the appropriate forum for
findings of fact. The trial court shall provide Applicant's trial counsel with the opportunity to
respond to Applicant's claims of ineffective assistance of counsel. Additionally, the trial court shall
order the Texas Department of Criminal Justice's Office of the General Counsel to file an affidavit
detailing what sentences Applicant is currently serving and explaining how his time is being
calculated. The trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). 
In the appropriate case, the trial court may rely on its personal recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact and conclusions of law in regard to Applicant's
claims that his plea was involuntary. Specifically, the trial court shall make findings with respect to
whether the prior conviction alleged in Applicant's indictment was a final conviction capable of
enhancing the instant sentences, and if not, whether Applicant had other felony convictions available
for enhancement purposes. Additionally, the trial court shall make findings as to whether trial
counsel and the trial court advised Applicant of the range of punishment he faced and, if so, what
trial counsel told Applicant and the substance of the trial court's admonishments regarding the
possible range of punishment. The trial court shall make findings as to whether trial counsel's
performance was deficient, and if so, whether Applicant was prejudiced by the deficient
performance. The trial court shall also make findings with respect to how TDCJ is calculating
Applicant's sentences, and whether the execution of the sentences comports with the plea agreement
and judgment in this case. The trial court shall also make any other findings of fact and conclusions
of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas
corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 




Filed: September 16, 2009

Do not publish